PER CURIAM.
The defendant, Carroll Junior Phillips, appeals from his convictions and sentence for two counts of aggravated battery with a firearm and one count of unlawful possession of a firearm in the commission of a felony. For the following reasons, we reverse.
On February 6, 1999, Janice Hansford and Thomas Stevens[1] were shot near the Zena supermarket. Ms. Hansford was shot in the leg. In connection with the shootings, the defendant was charged with: (1) unlawfully and feloniously attempting to kill Thomas Stevens from a premeditated design to effect his death by shooting him with a firearm; (2) unlawfully and feloniously attempting to kill Janice Hans-ford from a premeditated design to effect her death by shooting her with a firearm; and (3) unlawfully and feloniously displaying, using, threatening, or attempting to *163 use any weapon or electric weapon or device or carrying a concealed weapon while attempting to commit a felony.
At the defendant’s trial, both Ms. Hans-ford and Detective Jimmy Lee Harrell, who arrived on the scene approximately fifteen to twenty minutes after the shooting, gave testimony concerning the identity of the shooter. Over the defendant’s hearsay objection, Ms. Hansford was permitted to testify that although she did not actually see who shot her, she was told by several bystanders[2] that the defendant was the shooter. Detective Harrell testified that roughly fifteen minutes after arriving at the scene, he interviewed a woman named Ebony Burns.[3] Detective Harrell described Ms. Burns as being “kind of in shock, a little excited” and “kind of’ upset. Upon further questioning by the prosecutor, Detective Harrell summarized that Ms. Burns basically had an attitude of disbelief that she had witnessed a shooting. Detective Harrell’s description of Ms. Burns some thirty minutes after the shooting was the sole evidence pertaining to her state of mind. Over the hearsay objections of the defendant, Detective Harrell was permitted to testify that Ms. Burns told him that she saw the defendant pull a gun after arguing with Mr. Stevens. Additionally, Ms. Burns told Detective Harrell that she then saw the defendant get into a dark pickup truck and drive away.
The defendant contends that the trial court erroneously allowed the out-of-court statements made by the unidentified bystanders and Ebony Burns to be admitted into evidence under the excited utterance exception to the hearsay rule. We agree.
Section 90.803(2), Florida Statutes (2001), provides for an exception against the general rule excluding hearsay evidence when the statement to be admitted is an excited utterance. In order to invoke the excited utterance exception to the hearsay rule, it is necessary to meet the following requirements:
(1) there must have been an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must have been made while the person was under the stress of excitement caused by the startling event.
Pedrosa v. State, 781 So.2d 470, 472-73 (Fla. 3d DCA 2001) (citations omitted).
It was error to admit the statements attributed to the unidentified bystanders as excited utterances because there was no evidence proffered regarding their states of mind. Thus, it is impossible to tell whether the declarants were still under the stress of excitement caused by the shooting.
The only evidence as to Ms. Burns’ state of mind showed little more than someone who was mildly upset and somewhat disbelieving, rather than someone who was still under the stress of excitement caused by a startling event. Therefore, Ms. Burns’ out-of-court statements to Detective Harrell were improperly admitted under the excited utterance exception to the hearsay rule. See § 90.803(2), Fla. Stat. (2001).
Since there was no other evidence by which the defendant could be identified as the shooter, he was prejudiced by the *164 improper admission of these hearsay statements. Accordingly, we reverse the convictions and remand for a new trial.[4]

. Mr. Stevens was unavailable to testify at the defendant’s trial because he died in an unrelated incident.

. If the State is unable to locate Ms. Burns or any of the other unidentified bystanders so that they may testify under oath as to the identity of the shooter, the trial court shall discharge the defendant.

. As these witnesses were unidentified, none of them were available to testify at the trial.

. As was the case with the unidentified bystanders, the woman who has been identified as Ebony Burns was unavailable to testify because at the time of trial her whereabouts were unknown.